**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| ROBERT OLIVO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Court No.  21 CV 241 |
| ) | |
| INDIANA HARBOR BELT RAILROAD ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Now comes the Plaintiff, ROBERT OLIVO, by and through his attorneys, GEORGE BRUGESS and BRADLEY N. BARKER of COGAN & POWER, P.C., and for his Complaint against the Defendant, INDIANA HARBOR BELT RAILROAD COMPANY, alleges and states as follows:

1. Jurisdiction of this Court is pursuant to 45 U.S.C. § 56 and 28 U.S.C. § 1331.

2. That Plaintiff brings this action pursuant to the authority of 45 U.S.C. § 51, *et seq*., commonly referred to as the Federal Employers' Liability Act ("FELA").

3. That on or about June 19, 2020, and at all times herein mentioned, the Defendant, INDIANA HARBOR BELT RAILROAD COMPANY, was and still is a railroad corporation organized and existing as a common carrier by rail in and throughout several states of the United States of America, and for the purpose thereof did own, posses, operate in, and maintain railroad cars, yards, tracks, facilities, and property, and performed railroad business throughout the State of Indiana and, in particular, in Lake County, Indiana at a railyard commonly known as the "Gibson Yard."

4. That at all times herein mentioned. Plaintiff, ROBERT OLIVO, was employed by the Defendant in Lake County, Indiana, on June 19, 2020, when he reported that he was injured on said date.

5. That on or about June 19, 2020, the Plaintiff was engaged in the course and scope of his employment at Gibson Yard in Hammond, Lake County, Indiana in furtherance of Defendant's business of interstate commerce and transportation.

6. That at said time and place, Plaintiff was performing his job duties in the locomotive roundhouse when he slipped and fell into a pit due to accumulated oil and grease upon the grounds of the locomotive roundhouse, causing the Plaintiff to sustain serious injuries.

7. That pursuant to the FELA, the Defendant, INDIANA HARBOR BELT RAILROAD COMPANY, had a continuing, non-delegable duty to use ordinary care provide the Plaintiff, ROBERT OLIVO, with a reasonably safe place to work and with reasonably safe equipment and tools to perform his duties.

8. That the Defendant, by and through its officers, agents and employees, was then and there guilty of one or more or all of the following negligent acts or omissions:

   a. failed to provide Plaintiff with a reasonably safe place to work;

   b. negligently instructed Plaintiff to perform his job duties in a location was unsafe;

   c. failed to warn Plaintiff of the accumulated oil and grease upon the floor of the locomotive warehouse when the exercise of ordinary care the Defendant knew, or should have known, of the dangerous condition;

   d. failed to properly train its employees to remedy unsafe conditions, namely, accumulations of oil and grease on employee walking-working surfaces, at the location where Plaintiff was injured;

e.  failed to properly supervise to ensure its employees were safely remediating accumulations of oil and grease on employee walking-working surfaces;

f.  failed to act on numerous prior complaints regarding accumulations of oil and grease on employee walking-working surfaces at this location;

g.  violated industry safety standards, including IHB operating and safety rules regarding remediating accumulations of oil and grease on employee walking-working surfaces;

h.  violated rules that require employee walking-working surfaces to be maintained in a clean, orderly, and sanitary condition per 29 C.F.R. § 1910.22(a)(1) 2016;

i.  violated rules that require employee walking-working surfaces to be clean and dry, and to provide dry standing areas where wet processes are used per 29 C.F.R. § 1910.22(a)(2) 2016;

j.  violated rules that require employee walking-working surfaces to be maintained free of hazards such as leaks and spills per 29 C.F.R. § 1910.22(a)(3) 2016;

k.  violated rules that require employee walking-working surfaces to be inspected regularly and maintained in a safe condition per 29 C.F.R. § 1910.22(d)(1) 2016;

l.  violated rules that require hazardous conditions on employee walking-working surfaces to be corrected or repaired prior to employee use per 29 C.F.R. § 1910.22(d)(2) 2016;

m.  violated rules that require employee walking-working surfaces with an unrepairable hazard to be guarded from employee use per 29 C.F.R. § 1910.22(d)(2) 2016; and,

n.  violated rules that require a qualified person to perform or supervise the repair and/or correction of the structural integrity of an employee walking-working surface per 29 C.F.R. § 1910.22(d)(3) 2016.

o.  violated rules that require employers to have fall protection and protect its employees from open holes on jobsites per 29 C.F.R. § 1926.501 *et seq.* 1995; and,

p.  was otherwise careless and negligent.

9. The failure by the Defendant, INDIANA HARBOR BELT RAILROAD COMPANY, to provide Plaintiff with a safe place to work by one or more of the foregoing negligent acts and/or omissions caused, in whole or in part, Plaintiff to sustain serious and severe personal injuries.

10. As a consequence, the Plaintiff sustained severe and permanent injuries to his body, resulting in permanent disability and the loss of a normal life; that he has suffered and will continue to suffer great bodily pain, suffering and mental anguish; that he has lost great sums of money which he otherwise would have earned in the pursuit of his usual occupation and will continue to lose in the future; that his earning capacity has been permanently impaired; and that he has spent great sums of money endeavoring to be treated and cured of said injuries and will continue to incur such expenses in the future; and that he has suffered permanent disfigurement as the result of his injuries.

WHEREFORE, the Plaintiff, ROBERT OLIVO, prays for judgment for damages in his favor and against the Defendant, INDIANA HARBOR BELT RAILROAD COMPANY, in an amount which will fairly and reasonably compensate the Plaintiff for his injuries, losses and damages, plus costs of court.

Respectfully Submitted,

By: /s/ Bradley N. Barker
One of Plaintiff's Attorneys

George Brugess
Bradley N. Barker
COGAN & POWER, P.C.
One East Wacker Drive, Suite 510
Chicago, Illinois 60601
(312) 477-2500
(312) 477-2501 (Fax)
gbrugess@coganpower.com
bbarker@coganpower.com
Asst.: mreid@coganpower.com